**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0980-23

IN THE MATTER OF THE
SEIZURE OF WEAPONS
BELONGING TO
MICHAEL CRANE.

_____

Submitted December 3, 2024 – Decided December 13, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FO-02-0326-21.

FWKD LAW, attorneys for appellant (Tamra D. Katcher, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Megan B. Kilzy and William P. Miller, Assistant Prosecutors, of counsel and on the brief).

PER CURIAM

Michael Crane appeals from an October 5, 2023 Law Division order denying his motion to re-open forfeiture proceedings. We affirm.

In November 2020, J.C.[1] filed an application for a criminal complaint against Michael Crane in Englewood Municipal Court. Ct. R. 3:2-1(a)(2). Probable cause to issue the complaint was found and Crane was charged with third-degree criminal restraint, N.J.S.A. 2C:13-2b, and petty-disorderly-persons harassment, N.J.S.A. 2C:33-4(c). At the same time, J.C. also obtained a temporary restraining order ("TRO") against Crane. The TRO authorized police to seize appellant's firearms purchaser identification card ("FPIC") and firearms.

Subsequently the Bergen County Prosecutor's Office ("BCPO") amended the criminal restraint charge to disorderly persons false imprisonment, N.J.S.A. 2C:13-3, and remanded both charges to Englewood Municipal Court. While the complaint was pending, the BCPO moved in Superior Court for the forfeiture of Crane's FPIC and the seized weapons under N.J.S.A 2C:25-21(d)(3) and 2C:58-3C.

On June 4, 2021, by way of a consent order, the parties agreed that the motion for forfeiture would be dismissed without prejudice (pending the resolution of the municipal complaint); the seized firearms would remain in the possession of police "until this matter was reopened"; and that the weapons would automatically forfeit to the State unless appellant filed a motion to return

_____

[1] We use initials to protect the privacy of the individual.

A-0980-23

the weapons "within <u>one year from the date of this order; or within sixty days</u> <u>of the disposition of his pending Englewood City Municipal Court matter</u>[,] whichever is sooner[.]" (Emphasis in original). Additionally, the consent order stated that "should defendant fail to re-institute the weapons matter as specified above, the weapons and property described herein shall be deemed forfeited . . . , and all right title and interest in the weapons and property shall automatically vest in the [BCPO]. . . ." The consent order also allowed the weapons to be destroyed. Crane signed the consent order, as did his attorney, the assistant prosecutor, and the court.

With respect to the complaint, in municipal court, Crane was found not guilty of harassment and guilty of false imprisonment. Crane filed a de novo appeal, and on June 7, 2023, the Law Division found Crane not guilty of false imprisonment.

Subsequently, over two years after the consent order was filed, Crane, represented by new counsel, filed a motion to reopen the forfeiture proceedings in Superior Court. In support of the motion, Crane acknowledged that the motion was well out-of-time but faulted prior counsel, who handled the municipal trial, for failing to move to extend the deadline. Crane's new counsel also represented that Crane did not advise her of the existence of the consent

A-0980-23

order until after the Law Division acquitted him of false imprisonment. Crane argued that the forfeiture affected his future ability to obtain firearm permits under N.J.S.A. 2C:58-3(c)(8), which states "any person whose firearm is seized pursuant to [a TRO] and whose firearm has not been returned" is prohibited from obtaining an FPIC or handgun purchase permit.

At the hearing, the State represented that the firearms had, as authorized by the consent order's terms, been destroyed after one year. The State also argued that Crane's motion should be denied as out-of-time and moot. On October 5, 2023, the trial court denied Crane's motion, finding it untimely and barred by the consent order's terms.

This appeal followed. Crane argues that the trial court erred by denying his motion to reinstate the forfeiture action on procedural grounds. Crane also posits the court's determination was contrary to the interests of justice.

Our state has a strong public policy in favor of settlements. Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008). Essentially, a settlement agreement is a contract. Nolan by Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983)). "As a general rule, courts should enforce contracts as the parties intended." Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) (citations omitted). Yet, "a demonstration

of 'fraud or other compelling circumstances,'" can invalidate a settlement agreement. Pascarella, 190 N.J. Super. at 125 (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974)). Moreover, "any action which would have the effect of vitiating the provisions of a particular settlement agreement and the concomitant effect of undermining public confidence in the settlement process in general, should not be countenanced." Impink ex rel. Baldi v. Reynes, 369 N.J. Super. 553, 564 (App. Div. 2007). Our courts have long considered that the parties to a lawsuit are the ones that are in the best position to determine how to resolve a contested matter "in a way which is least disadvantageous to everyone." Brundage 195 N.J. at 601.

Here, there is no evidence of any fraud or other compelling circumstances to warrant vacation of the settlement nor is there any evidence that the terms and conditions of the settlement were unclear or ambiguous. In sum, a binding settlement was reached, which was embodied in the written agreement entered by the parties. The trial court did not err in enforcing it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0980-23